**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1484 PA (SPx) | Date | March 01, 2012 |
|---|---|---|---|
| Title | Cecil Shaw v. LBH Properties, LP | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**            ORDER TO SHOW CAUSE

Plaintiff brings suit against defendants LBH Properties, LP, David Lee Hertzberg, Maxine Ruth Hertzberg, Jose Silva, Aysar Fakhouri, Leo Craig Knuckey, Susan May, William May, and Yong Seong Kim (collectively, "Defendants"), for alleged violations of Title III of the Americans with Disabilities Act, California's Disabled Persons Act, the Unruh Civil Rights Act, and the California Health and Safety Code. Plaintiff alleges than the stores or common areas leased or owned by each defendant failed to furnish facilities that complied with those statutes.

Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." See also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

It appears that each defendant owns or leases a portion of a shopping area located in Hemet, CA. Beyond that, however, the allegations in the Complaint do not explain the relationship between Defendants. Although a landlord and its tenants are generally understood to be properly joined parties in ADA litigation, see Frotton v. Barkan, 219 F.R.D. 31 (D. Mass. 2003), the Complaint does not establish such a relationship between Defendants. Moreover, the mere fact that Defendants' stores are located in the same commercial area does not necessarily mean that plaintiff's claim arise from the same transaction or occurrence.

The Court therefore orders Plaintiff to show cause in writing, no later than March 07, 2012, why one or more parties should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 18, 20, 21. Defendants' Response, if any, shall be filed no later than March 13, 2012. In response to this

---

**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1484 PA (SPx) | Date | March 01, 2012 |
|---|---|---|---|
| Title | Cecil Shaw v. LBH Properties, LP | | |

Order, Plaintiff may, if he so chooses, continue this action against the first named defendant, drop from this action the remaining improperly joined defendants, and file separate actions against those defendants, with new complaints and filing fees.

IT IS SO ORDERED.